UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TINA ROUM,

      Plaintiff,

                                      Civil Action 2:13-cv-268
v.                                   Judge James L. Graham
                                      Magistrate Judge Elizabeth P. Deavers

STAFF MARK,

      Defendant.

## OPINION AND ORDER

Plaintiff, Tina Roum, an Ohio resident who is proceeding without the assistance of counsel, brings this action against Defendant, Staff Mark, seeking monetary damages for the embarrassment she suffered in July 2012 when she was applying for a job. This matter is before the Court for consideration of Plaintiff's April 1, 2013 Objections (ECF No. 4) to the United States Magistrate Judge's March 25, 2013 Report and Recommendation (ECF No. 3), in which the Magistrate Judge recommended dismissal of this action pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim. For the reasons that follow, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** the Report and Recommendation, and **DISMISSES** this action.

I.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As the Magistrate Judge correctly explained, 28 U.S.C. § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. Courts conducting initial screens under § 1915(e) apply motion to dismiss standard. *See, e.g.*, *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id*. While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level" and "state a claim that to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Where the facts pleaded do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as required under Federal Rule of Civil Procedure 8(a)(2). *Id*.

**II.**

The entirety of Plaintiff's Complaint against Defendant Staff Mark reads as follows:

> In July 2012[,] a Staff Mark employee discriminated [against] me when I tried to find a job. [S]he told me "you can't read [E]nglish so you can't go there and stand around to do nothing!"
>
> I would like Staff Mark Company to apologize and pay me that day I didn't have a job. Also find me a full time job.

(Compl. 3–4, ECF No. 1-2.)

The Magistrate Judge recommended dismissal for failure to state a claim, reasoning as follow:

> Plaintiff's Complaint provides insufficient factual content or context from which the Court could reasonably infer that Defendant violated Plaintiff's rights. Instead, Plaintiff's Complaint consists of nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. These "'naked assertion[s]' devoid of 'further factual enhancement'" fail to satisfy the basic federal pleading requirements set forth in Rule 8(a). *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

(Report & Rec. 4, ECF No. 3.)

Plaintiff timely filed an Objection on April 1, 2013. In her Objection, she advances additional allegations. For example, Plaintiff alleges that Staff Mark's employee embarrassed her in front of her children and boyfriend when she asked for assistance with reading a paper. Plaintiff describes the Staff Mark employee as having a "bad attitude." (Obj. 1, ECF No. 4.) Plaintiff indicates that she is unable to return to Staff Mark to seek a job as a result of this incident. In terms of relief, Plaintiff seeks money to compensate her for the alleged discrimination and embarrassment.

These additional allegations fail to state a claim for recovery under some viable legal theory. Put simply, even if the Staff Mark employee displayed a bad attitude and embarrassed

Plaintiff because she had difficulty reading, this would not give rise to a federal cause of action.

### III.

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objections (ECF No. 4), **ADOPTS** the Magistrate Judge's March 25, 2013 Report and Recommendation (ECF No. 3), and **DISMISSES** this action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED.**

S/ James L. Graham
James L. Graham
United States District Judge

Date:  April 5, 2013